## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LARRY A. CHIEFLY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-09-147-M** |
| | ) | |
| **WARDEN PROVINCE,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss the petition [Doc. No. 8] and a brief in support ("Respondent's Brief") [Doc. No. 9], alleging the petition is untimely pursuant to 28 U.S.C. § 2244(d). Petitioner has filed a reply [Doc. No. 10], and thus, the matter is at issue. For the reasons set forth hereafter, it is recommended that Respondent's motion be granted and the petition dismissed as untimely.

<u>Background</u>

Petitioner is attempting to challenge his conviction after jury trial of first degree

---

[1]Petitioner also listed the State of Oklahoma and Warden Dinwiddie as respondents. However, where the applicant is presently in custody pursuant to the state judgment in question, the state officer having custody of the applicant is the properly named respondent. Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, Dick Connor Correctional Center Warden Province is the only proper respondent and the State of Oklahoma and Warden Dinwiddie should be dismissed.

murder in Case No. CF-1999-6681, District Court of Oklahoma County, for which he was sentenced to a term of life imprisonment.  Petition, p. 1.  Petitioner filed a direct appeal, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's convictions and sentences on October 1, 2003.  Respondent's Brief, Ex. 1 (docket in *Chiefly v. State*, Case No. F-2002-1027).  On February 15, 2008, Petitioner filed an application for post-conviction relief, which was denied by the district court on October 7, 2008.  *Id.*, Ex. 2 (partial docket in *State v. Chiefly*, Case No. CF-1999-6681).  On December 18, 2008, the OCCA affirmed the district court's decision.  *Id.*, Ex. 3 (docket sheet in Case No. PC-2008-993 and OCCA Order Affirming Denial of Application for Post-Conviction Relief).

Petitioner organizes his petition as though he is presenting one ground for relief, alleging that his appellate counsel did not render effective assistance "under 'prevailing norms.'" Petition, p. 3.   As the undersigned reads the petition, Petitioner is further alleging that he is "legally and factually innocent of Murder One."  *Id.*

## II.   **AEDPA Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which took effect on April 24, 1996, amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A) unless a petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B),(C), or (D).  *Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000).  In calculating the limitation period for actions under 28 U.S.C. § 2254, federal courts are required to toll the time a petitioner spent seeking "post-conviction or other collateral review with respect to the pertinent judgment or claim" in state court.  *See* 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).

      Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed long after the expiration of the one-year limitations period.[2]  As noted, following his conviction, Petitioner filed a direct appeal, and

---

[2]Petitioner attempts to argue for a later onset of the limitation period based on the application of  28 U.S.C. § 2244(d)(1)(D), which provides that the limitations period may begin when the factual predicate of the habeas claim became discoverable with due diligence.  Petitioner's Reply, p. 1.  Although his argument in this regard is not clear, Petitioner appears to assert that a delayed "discovery" of his ineffective assistance of appellate counsel claim should render the petition timely.  This argument fails.

      Conspicuously absent from Petitioner's argument is any specific factual allegations as to the date on which he discovered the basis for his ineffective assistance of appellate counsel claim.

(continued…)

on October 1, 2003, the OCCA affirmed Petitioner's convictions and sentences. Respondent's Brief, Ex. 1.  Therefore, Petitioner's convictions became final for AEDPA limitations purposes 90 days later on December 30, 2003, after expiration of the time period to file a petition for *certiorari* with the United States Supreme Court.  *See* 28 U.S.C. § 2101; *see also* Sup. Ct. R. 13; *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  The one-year limitation period in § 2244(d)(1)(A) began to run on December 30, 2003, and expired on December 30, 2004, absent any tolling.  *See Haws v. Jorgensen*, No. 05-4141, 2007 WL 756430, *2 (10th Cir. March 14, 2007) (unpublished)[3] ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.") (footnote omitted) (citing *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)).  The instant petition, filed at the earliest on February 3, 2009,[4] was filed well

_____

[2](...continued)

Absent a more specific date, under this subsection, the limitations period would have started at the time of Petitioner's direct appeal, when appellate counsel failed to raise any arguments Petitioner now asserts he should have raised, or at the latest shortly after October 1, 2003, when the OCCA issued its opinion affirming Petitioner's conviction and sentence, rendering any habeas petition due by October 1, 2004.  Accordingly, application of § 2244(d)(1)(D) does not make the petition timely.  *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001) ("the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance"); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that for the limitations period to run, the petitioner must understand "simply the facts themselves" rather than "the legal significance of these facts").

[3]This and any other unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

[4]The petition is deemed "filed" when Petitioner gave it to prison officials for mailing.  *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007).  Although the petition bears a "filed" stamp of February 6, 2009, the certificate of mailing is dated February 3, 2009. Petition, last page. The undersigned has therefore assumed a filing date of February 3, 2009.

4

over four years after the § 2244(d)(1)(A) limitations period expired.  Thus, absent statutory or equitable tolling, it is untimely.

<u>Statutory Tolling</u>

Although a properly filed state post-conviction action tolls the § 2244(d)(1) limitation period, the tolling provisions of § 2244(d)(2) do not apply where the action for post-conviction relief is not commenced within the one-year period of limitation.  *See e.g., Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding petitioner's federal habeas petitions were not tolled for time spent in state post-conviction proceedings because his applications were not filed until after the end of the applicable one-year period); *Barnes v. Booher*, No. 00-7066, 2000 WL 1346234, *1 (10th Cir. Sept. 19, 2000) (unpublished) (because petitioner's state petition for post-conviction relief was not filed until §2244(d)'s limitation period had already expired, that petition did not serve to toll the limitation period under §2244(d)(2)).  No statutory tolling occurred in this case because Petitioner failed to file any post-conviction action in the state district court until February 15, 2008, over four years after the expiration of the one-year period under § 2244(d)(1)(A).[5]  Thus, the tolling

---

[5]Petitioner has attached to his petition a state district court order dated October 30, 2003, denying Petitioner's application for modification of sentence.  Neither party has addressed the impact of Petitioner's application seeking sentence modification in 2003 on the § 2244(d) limitations period.  However, the undersigned finds that Petitioner is not entitled to any statutory tolling as a result of this filing because such application seeking sentence modification does not constitute a "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . ." 28 U.S.C. § 2244(d)(2).  Okla. Stat. tit. 22, § 982a gives a trial court the authority for a limited period of time to modify a sentence after it has been imposed or modified on appeal.  *See* Okla. Stat. tit., § 982a(A), (D).  The Tenth Circuit Court of Appeals has determined that such motions are discretionary and, therefore, do not toll the AEDPA limitations period.  *See*

(continued...)

provision of § 2244(d)(2) is not implicated and has no effect on the December 30, 2004, due

date for Petitioner's habeas petition.

Equitable Tolling

Equitable tolling is also unjustified.  The Tenth Circuit has held that the limitations

period may be subject to equitable tolling, but only in rare and exceptional circumstances.

*Burger v. Scott*, 317 F. 3d 1133, 1141 (10th Cir. 2003).[6] Equitable tolling may be appropriate,

for instance, "when a prisoner is actually innocent" or "when an adversary's conduct - - or

---

[5](...continued)

*Nicholson v. Higgins*, No. 05-7032, 2005 WL 1806446 *1 n.2 (10th Cir. Aug. 2, 2005) (unpublished); *Clemens v. Sutter*, No. 07-5004, 230 Fed. Appx. 832, 834 n.1 (10th Cir. May 2, 2007) (unpublished) (concluding that habeas petitioner's motion to modify his sentence was filed pursuant to § 982a and did not toll the AEDPA limitations period); *but see Bynum v. Howard*, No. 08-6221, 2009 WL 724014, *1 (10th Cir. Mar. 20, 2009) (unpublished) (observing that there is doubt as to whether a request for a reduction or modification of a sentence tolls the AEDPA limitations period).

However, Petitioner's habeas petition would not be timely even if his request for sentence modification does toll the limitation period.  The district court docket shows that Petitioner filed his application for sentence modification on October 16, 2003, and after the district court denied this request on October 30, 2003, Petitioner did not appeal to the OCCA.  *See* Oklahoma State Courts Network, available at http://www.oscn.net (*State v. Chiefly*, Oklahoma County District Court, Case No. CF-1999-6681) (accessed August 27, 2009).  Petitioner had thirty days to appeal from the district court's decision, or at least until Monday, December 1, 2003, (thirty days ended on Saturday, November 29, 2003).  *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law.").  On this date, December 1, 2003, Petitioner's one-year period under § 2244(d)(1)(A) had not yet begun to run because the 90 day period to seek *certiori* following the OCCA's decision in his direct appeal had not yet expired.  Thus, even if considered, Petitioner's application for sentence modification could not have rendered his petition timely.

[6]In *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), the Supreme Court assumed *arguendo* that equitable tolling applies to time limits for filing federal habeas petitions by state prisoners.  In doing so, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005): a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from making a timely filing.

other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). In any event, equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). *See also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (equitable tolling does not apply unless a petitioner shows both extraordinary circumstances preventing timeliness and diligent pursuit of his claim). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Yang*, 525 F.3d at 928 ("'[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.'") (citation omitted); *see also Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

In his petition and reply, Petitioner alleges that he is legally and factually innocent of first degree murder, and he requests that the Court hold an evidentiary hearing on this claim. Petition, p. 3; Petitioner's Reply, p. 2. The undersigned has construed this assertion as an argument for equitable tolling. The Tenth Circuit has recognized that actual innocence may toll the AEDPA statute of limitations. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (citing *Gibson*, 232 F.3d at 808); *see also Miller*, 141 F.3d at 978. To qualify for the

7

"actual innocence" exception, Petitioner must provide evidence of a "fundamental miscarriage of justice," meaning that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). That standard requires Petitioner to "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Thus, "the *Schlup* standard is demanding and permits review only in the 'extraordinary case.'" *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *Id. See also Price v. Friel*, No. 07-4094, 2007 WL 2452699, *1 (10th Cir. Aug. 30, 2007) (unpublished) (applying standard in *House v. Bell*, *supra*, to actual innocence claim asserted as a basis for equitably tolling the § 2244(d)(1) limitations period)

Petitioner does not make a colorable claim of actual innocence. Rather than pointing to new evidence affirmatively demonstrating his innocence, Petitioner simply claims that the outcome of his trial would have been different "had [his] trial been severed from [his] co-defendants." Petition, p. 3. Petitioner states although that he was charged an accomplice and/or principal to the act of murder, his co-defendants had the motive to kill the victim, and he should have been given an instruction on second-degree murder. *Id.*, p. 2. According to Petitioner, the victim's own physical health, influenced by lifestyle and poverty, contributed

8

to his death.  *Id.*  Petitioner's arguments in this regard involve legal innocence rather than factual innocence.  *See Hickmon v. Mahaffey*, No. 01-5073, 2001 WL 1515859, *2 n.1 (10th Cir. Nov. 29, 2001) (unpublished) (finding petitioner's allegations regarding trial errors argue only "legal innocence" which does not justify equitable tolling of the limitations period in 28 U.S.C. § 2244(d)) (citing *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995)); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency.").  Thus, the undersigned finds that Petitioner has made no showing of actual innocence as required by *Schlup*, *supra*, that would warrant equitable tolling.  As a result, Petitioner's argument for equitable tolling on this ground is without merit.  *See Bohon v. Oklahoma*, No. 07- 5169, 2008 WL 904727, *2 (10th Cir. Apr. 3, 2008) (unpublished) ( stating that "vague and conclusory" assertions of actual innocence were insufficient for equitable tolling).

Finally, even if Petitioner could show that "extraordinary circumstances" prevented the filing of a timely habeas petition, he fails to demonstrate that he has diligently pursued his federal claims.  *Gibson*, 232 F.3d at 808; *Marsh*, 223 F.3d at 1220.  "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger*, 317 F.3d at 1141.  By the time Petitioner sought post-conviction relief, the one-year limitation period had already been expired for over four years.  Petitioner provides no facts to demonstrate that he was diligently pursuing his state court remedies to exhaust his federal habeas claims during this period.  Further, nothing in the record contain an explanation for

his lack of diligence.  For these reasons, the undersigned finds that equitable tolling principles should not be applied.

Because Petitioner is not entitled to statutory or equitable tolling, the applicable limitation period for filing this habeas action expired on or about December 30, 2004, and Petitioner's federal habeas petition filed on February 3, 2009, is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that Respondent's motion to dismiss [Doc. No. 8] be granted and the petition for a writ of habeas corpus be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 17th day of September, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 28th day of August, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE